UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Operating Engineers Local 324 Health Care
Plan, et al.,                                             Case No. 13-10719

       Plaintiffs,                                        Honorable Nancy G. Edmunds

v.

Proline Excavating and Kevin Maciejewski,

       Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND ORDERING DEFENDANTS TO SUBMIT TO AN AUDIT WITHIN 21 DAYS OF THIS ORDER [14]

Plaintiffs are trustees for trust funds established pursuant to Section 302 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. §§ 185, et seq. (LMRA), and the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq. (ERISA). Plaintiffs have filed suit against Defendant Proline and its owner, incorporator, and/or officer Defendant Devin Maciejewski for breach of a collective bargaining agreement (CBA) that Defendants entered into with Plaintiffs to pay monetary amounts into the trust funds on behalf of those trust members working for Defendants.

Plaintiffs have filed suit against Defendant Proline for breach of the CBA, and against Defendant Maciejewski for breach of fiduciary duty under ERISA and under the Michigan Building Contract Fund Act, Mich. Comp. Laws 570. 151 et seq. (MBCFA).  (Compl.)

Now before the Court is Plaintiffs' motion for default judgment, for Defendants' failure to answer the complaint and appear in this matter.  In their motion, Plaintiffs request that

the Court declare the allegations in the complaint admitted, issue a judgment against Defendants, and order Defendants to submit to an audit so that Plaintiffs can calculate the amounts Defendants owe. The Court scheduled a hearing on this matter for April 2, 2014. (Dkt. 15.) The parties did not appear. The Court, though, being fully advised in the premises, finds that a hearing is not necessary and therefore disposes of one pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). Because the Court finds that Plaintiffs are entitled to a default judgment, the Court GRANTS Plaintiffs' motion as to liability and additionally ORDERS Defendants to submit to an audit within twenty-one days of this order.

## I. Background

On February 20, 2013, Plaintiffs filed suit against Defendants. (Dkt. 1, Compl.) Plaintiff initially had difficultly serving Defendants; Plaintiffs therefore filed a motion for alternate service, which the Court granted. (Dkt. 4, 8.) Plaintiffs filed certificates of service showing that Defendants were served on June 7, 2013. (Dkt. 9, 10.) On January 16, 2014, Plaintiffs requested that the Clerk of the Court enter entries of default against Defendants for their failure to plead or otherwise defend. (Dkt. 11.) The Clerk entered those defaults on that same day. (Dkt. 12.)

On January 24, 2014, Plaintiffs filed this motion for default judgment.

## II. Analysis

To obtain a default judgment, Plaintiffs' motion and supporting affidavits must provide:

1. The nature of the claim;

2. That the return of service was filed with the Court and that service was properly made on Defendant;

3. A statement that Defendant is not:

      a)     an infant or incompetent person; or

      b)     in the military service;

4. The date the Clerk entered a default because Defendant failed to plead or otherwise defend in accordance with Fed. R. Civ. P. 55(a);

5. The sum certain or the information necessary to allow the computation of a sum certain; and

6. If an award of interest, costs, or attorney fees is sought, the legal authority and supporting documentation for interest, costs or attorney fees.

*See* Fed. R. Civ. P. 55(b); E.D. Mich. L. R. 55.2.

In their motion, Plaintiffs request that the Court order Defendants to submit to an audit so that Plaintiffs can determine the amounts that are owing. (Pl.'s Mot. at 1.) Plaintiffs represent that Defendants have put forth an intent to cooperate but they have yet to do so. (*Id.*)

Plaintiffs have fulfilled the requirements for a default judgment. They have explained the nature of the claim and the supporting documentation to show that they are entitled to the allegedly unpaid contributions under the CBA. (Pl.'s Mot. at 1.) Plaintiffs have also submitted the remaining requirements. Plaintiffs are therefore entitled to a default judgment. The Court determines that the facts, as alleged in the complaint, are to be established as true.

Plaintiffs, though, primarily seek an audit from August, 2011 to the present so that they can determine the amounts owing to them. Plaintiffs argue that they are entitled to the audit given the CBA's provisions. The Court agrees. *See Hotel Employees and Restaurant Employees Intern Union Welfare/Pension Funds v. Caucus Club, Inc.*, 754 F.Supp. 539, 545 (E.D.Mich. 1991) (noting that the Supreme Court has held that a pension fund "may

be granted injunctive relief ordering an audit of any payroll, tax and personnel records needed to accurately administer the fund.") (citation omitted). The Court therefore ORDERS Defendants to submit all of the books and records set forth in the Plans' Employer Contribution & Audit Procedures, which are needed, at the auditor's discretion, from August, 2011 forward. The audit must take place within 21 days of this order.

The Court does permit Plaintiff to file post-judgment motions if amounts are determined to be owing.

### III. Conclusion

For the above-stated reasons, the Court GRANTS Plaintiffs' motion for default judgment. The Court ORDERS Defendants to submit to an audit within twenty-one days of this order and ORDERS Defendants to pay for the audit.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: April 11, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 11, 2014, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager

4